RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED Y-3
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. M
DATE 5-22-04

THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VILLAGE SMOKEHOUSE )<br>)<br>Plaintiff )<br>)<br>V. )<br>)<br>THOMAS RIDGE, as Secretary of the Department )<br>of Homeland Security; EDUARDO AGUIRRE, )<br>Director of the U.S. Citizenship & Immigration )<br>Services; PAUL NOVAK, as Center Director of the )<br>U.S. Citizenship & Immigration Services for )<br>Vermont Service Center, )<br>Defendants ) | CIVIL ACTION FILE NO.<br><br>04cv11018 RCL<br><br>MAGISTRATE JUDGE Alexander |

PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS & DECLARATORY JUDGEMENT

NOW come the Plaintiff, Village Smokehouse, in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to compel action on the clearly erroneous denial of an application for an immigrant worker properly filed by the Plaintiff, Village Smokehouse on behalf of the beneficiary, Ilidio Moura. The application was filed and remains within the jurisdiction of the Defendants, who have improperly denied said application to Plaintiff's detriment.

PARTIES

2. Plaintiff, Village Smokehouse, is a restaurant located at 6 Harvard Square, Brookline, MA 024445, who has filed an I-140 Petition for an Immigrant Worker.

3. Defendant Thomas Ridge is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC §1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4. Defendant Eduardo Aguirre is the Director of the U.S. Citizenship & Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B).

5. Defendant Paul Novak, Center Director, is an official of the U.S. Citizenship & Immigration Services (USCIS) generally charged with authority over operations of the INS within his District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant Deputy District Director is an official with whom Plaintiffs' application for a nonimmigrant worker was properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant is located and performs his official duties.

## EXHAUSTION OF REMEDIES

8. The Plaintiff has exhausted his administrative remedies. The Plaintiff has, through their attorney, supplied the USCIS documents that clearly establish the approvability of the I-140 Petition for an Immigrant Worker.

## CAUSE OF ACTION

9. The Plaintiff properly filed an application for an I-140 Petition for an immigrant worker, pursuant to INA §§ 203(b)(3)(A)(i).

10. This petition, Receipt No. EAC-03-217-52149, was filed with the USCIS on June 28, 2003, and received for processing on July 24, 2003.

11. The defendants' have failed to properly adjudicate this petition. They have failed to adhere to their own regulations and improperly denied an I-140 Petition after the Plaintiff had submitted sufficient evidence establishing that they can pay the beneficiary of said petition the wages stipulated in the labor certification application. They have refused to render a decision in a reasonable amount of time.

12. Defendants have sufficient information to determine Plaintiffs' eligibility pursuant to applicable requirements and to issue an Approval Notice, including, but not limited to, internal annual reports indicating that the Petitioner paid in excess of $500,000.00 to its employers including the beneficiary in 2001, however, to date, said application has been improperly denied.

13. Defendants' issuance of a denial in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonably, have inappropriately

adjudicated the petition, thereby depriving him of the rights to which the Plaintiff is entitled.

15. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

   (a) Specifically, Plaintiff Village Smokehouse, has an approved application for labor certification establishing that there are not sufficient American workers available. The USCIS' improper denial of the I-140 petition affects Village Smokehouse's ability to operate its facilities in accordance with the law. Furthermore, Village Smokehouse has provided sufficient documents establishing that they can pay the wages stipulated to in the labor certification application.

16. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on the Plaintiff's applications and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

17. The Plaintiff has provided sufficient evidence in an attempt to secure adjudication of these applications at issue, all to no avail. Accordingly, the Plaintiff has been forced to retain the services of his attorney to pursue the instant action.

PRAYER

18. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff's respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a) requiring Defendants to properly adjudicate Plaintiffs applications for action on an approved petition;

   (b) requiring Defendants to provide the Plaintiffs with a Notice of Approval;

   (c) awarding Plaintiffs reasonable attorney's fees; and

   (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

Roxana V. Muro
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02111
Telephone (617) 523-6320
Facsimile  (617) 523-6324
rmuro@fitzgeraldlawcompany.com
Bar No. 461613